IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Acuity, a Mutual Insurance Company, | |
| Plaintiff, | Case No.: 25-cv-50214 |
| v. | Judge Iain D. Johnston |
| Auto-Owners Insurance Company, | |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

Plaintiff Acuity brought a declaratory judgment action against Defendant Auto-Owners, asserting that Auto-Owners owes a duty to defend in two state court proceedings. Auto-Owners moved to dismiss the Complaint under F.R.C.P. Rule 12(b)(6). For the following reasons, the Court denies Auto-Owners' Motion.

**Background**

This action stems from two underlying state court proceedings. In those cases, plaintiffs sued numerous defendants for deaths that occurred during a traffic collision. *See* dkt. 1-1–2. Relevant to this motion, those state court defendants included: **Jeff Boyer**; Boyer Livestock, LLC (**Boyer Livestock**); Boyer Livestock, LLC–Dispatch (**Boyer Dispatch**)

The state court action alleges that Jeff Boyer was operating a tractor-trailer on behalf of Boyer Livestock and Boyer Dispatch. Dkt. 23 at 1. Plaintiff Acuity insures Boyer Livestock and Boyer Dispatch. Dkt. 1 ¶ 1. Acuity has so far defended its insured in the state court actions.

1

Acuity alleges that another entity was involved in the accident, but wasn't named in the underlying complaint: Jeff Boyer Trucking, Inc. (**Boyer Trucking**). Dkt. 1 ¶ 18. Unlike Boyer Livestock and Boyer Trucking, Acuity doesn't insure Boyer Trucking. Acuity alleges that Defendant Auto-Owners insures Boyer Trucking.

Acuity further alleges that Jeff Boyer was operating a Boyer Trucking vehicle during the accident. So, Acuity claims, Auto-Owners must defend the state court action. It cites the following clauses, allegedly from Boyer Trucking's policy with Auto-Owners.

> SECTION II - COVERED AUTOS LIABILITY COVERAGE
> A. COVERAGE
> **We** will pay all sums an **insured** legally must pay as damages because of **bodily injury** or **property damage** to which this insurance applies, caused by an **accident** and resulting from the ownership, maintenance or use of a covered **auto** as an **auto**.
> ***
> SECTION VI – DEFINITIONS
> ***
> **You** or **your** means the Named Insured shown in the Declarations and if an individual, **your** spouse who resides in the same household.

The policy contains an Illinois motor carrier endorsement modifying the business auto coverage and providing, in relevant part:

> For any operations you engage in as a motor carrier, the policy is changed as follows:
> **A. SECTION II - COVERED AUTOS LIABILITY COVERAGE** is amended for purposes of this endorsement only.
> 1. **Who Is An Insured** is deleted and replaced by the following.
> 1. **Who Is An Insured**
>     a. The following are **insureds**:

2

> (1) You for any covered auto.
> (2) Anyone else while using, with **your** permission, a covered **auto** (that is not a **trailer**) **you** own, lease, hire, rent or borrow except:
>> (a) 1) The owner or anyone else, from whom such covered **auto** is leased, hired, rented or borrowed; or
>> 2) Any **employee**, agent or driver of the owner or anyone else, from whom such covered **auto** is leased, hired, rented or borrowed.
>> (b) **Your employe**e, partner (if **you** are a partnership), member (if **you** are a limited liability company) or **executive officer** (if **you** are a corporation), if such covered **auto** is owned by him or her or a member of his or her household.
>> (c) A person, other than an **employee**, partner (if **you** are a partnership), member (if **you** are a limited liability company) or executive officer (if **you** are a corporation), or a lessee or borrower or any of their **employees**, while moving property to or from such covered auto.\*\*\*
> (4) The owner or anyone else from whom **you** lease, hire, rent or borrow a covered **auto**, which is a **trailer**, while such **trailer** is connected to or accidently disconnected from another covered auto, or, if not connected, is being used exclusively in **your** business.

Dkt. 1 at 4–5; Dkt. 1-3. According to Acuity, Boyer Trucking (Auto-Owners' insured) owned the vehicle that was being operated by Jeff Boyer. And that vehicle was hauling a load for Boyer Dispatch on a trailer owned by Boyer Livestock. So, Acuity asserts that Auto-Owners' policy covers this accident.

Acuity contends that the insurance policy it has with Boyer Livestock and Boyer Trucking only provides "excess" insurance. On August 5, 2024, Acuity notified Auto-Owners to that effect, citing Acuity's insurance policy:

> 5. Other Insurance
>    a. For any covered *auto* you own, this coverage form provides primary insurance. For any covered *auto* you do not own, the insurance provided by this coverage form is excess over any other collectible insurance. However, while a covered *auto* which is a *trailer* is connected to another vehicle, the Liability Coverage this coverage form provides for the *trailer* is:
>      (1) Excess while it is connected to a motor vehicle you do not own; or
>      (2) Primary while it is connected to a covered *auto* you own.

Dkt. 1-4. Acuity therefore asserts that, because neither of its insured (Boyer Livestock or Boyer Dispatch) owned the auto, it needn't provide primary insurance.[1]

On January 10, 2025, Auto-Owners responded to Acuity, asserting that the state court complaints didn't name its insured (Boyer Trucking) or allege that Boyer Dispatch or Livestock were authorized users, so Auto-Owners has no responsibility. Dkt. 1 ¶ 26. Acuity contends that, regardless of the state court complaint, Auto-Owners knows that Jeff Boyer was driving a Boyer Trucking vehicle and Dispatch and Livestock were authorized users. *Id.* ¶ 27. Acuity seeks declaratory judgment that Auto-Owners is therefore responsible.

**Analysis**

---

[1] As discussed more in the Analysis section, Auto-Owners apparently doesn't dispute the contractual landscape—the policy it had with Boyer Trucking or Acuity's policy with Boyer Dispatch or Livestock. Its arguments, instead, focus on whether the Court may consider those policies when Auto-Owners' insured wasn't named in the underlying complaints.

Federal Rule of Civil Procedure 8 requires only a "short and plain statement" establishing the basis for the claim and the Court's jurisdiction. Fed R. Civ. P 8(a). A plaintiff will survive a Rule 12(b)(6) motion if the plaintiff alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

In a declaratory judgment action involving a duty-to-defend issue, "a court ordinarily looks first to the allegations in the underlying complaint and compares those allegations to the relevant provisions of the insurance policy." *Pekin Ins. Co. v. Wilson*, 930 N.E. 2d 1011, 1017 (Ill. 2010). "If the facts alleged in the underlying complaint fall within, *or potentially fall within*, the policy's coverage, the insurer's duty to defend arises." *Id.* (emphasis added). "[T]he threshold for pleading a duty to defend is low [and] any doubt with regard to such a duty is to be resolved in favor of the insured." *Am. Econ. Ins. Co. v. Holabird & Root*, 886 N.E.2d 1166, 1171 (Ill. App. Ct. 2008).

So, the federal pleading standard together with Illinois insurance law doubly tilt the scales in a plaintiff's favor. At the motion to dismiss stage, a plaintiff need only plead a "plausible" claim. And an insurance company owes a duty to defend even when a claim only *potentially* falls within a policy. Putting those together, a plaintiff

5

will survive a motion to dismiss a duty to defend action so long as they *plausibly* plead that the claim is *potentially* covered. That's a steep hill for a defendant.

It's unsurprising, then, that these disputes are rarely resolved at the motion to dismiss stage. Almost all of the cases the Parties rely on were decided at summary judgment.[2] *Pekin Ins. Co. v. Wilson* is an exception, but even that one was resolved after the defendant–insurer answered the complaint. *See* 930 N.E.2d at 1015. The Court therefore skeptically approaches Auto-Owners' Motion. The Court takes this opportunity to again remind counsel that they shouldn't rely on cases deciding summary judgment motions when seeking dismissal under Rule 12(b)(6). This Court's standing order is intended to provide clear guidance, alleviating the need to issue case-by-case warnings. *See* Standing Order on Supporting Memoranda & Exhibits (*citing Kaminski v. Elite Staffing, Inc.*, 23 F. 4th 774, 777 (7th Cir. 2022); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014)).

\*\*\*

In determining whether an insurer owes a duty, a "court ordinarily looks first to the allegations in the underlying complaint and compares those allegations to the

---

[2] *See, e.g.*, *Assoc. Indem. Co. v. Ins. Co. of N.A.*, 386 N.E.2d 529 (Ill. App. Ct. 1979); *LaRotunda v. Royal Globe Ins. Co.*, 408 N.E.2d 928 (Ill. App. Ct. 1980); *Fidelity & Cas. Co. of N.Y. v. Enviorodyne Eng'rs, Inc.*, 461 N.E.2d 471 (Ill. App. Ct. 1983); *West Bend Mut. Ins. Co. v. Sundance Homes, Inc.*, 606 N.E.2d 326 (Ill App. Ct. 1992); *Shriver Ins. Agency v. Utica Ins. Co.*, 750 N.E.2d 1253 (Ill App. Ct. 2001); *Am. Econ. Ins. Co. v. Holabird & Root*, 886 N.E.2d at 1166; *Pekin Ins. Co. Precision Dose, Inc.* 968 N.E. 2d 664 (Ill. App. 2012); *Md. Cas. Co. v. Dough Mgmt. Co.*, 36 N.E. 3d 953 (Ill. App. Ct. 2015); *Pekin Ins. Co. v. McKeown Classic Homes, Inc.*, 161 N.E. 3d 1059 (Ill. App. Ct. 2020). The Illinois summary judgment standard is materially identical to the Rule 56. *See McKeown Classic*, 161 N.E.3d at 1064 ("Summary judgment is proper where when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions and affidavits on file reveal that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.").

6

relevant provisions of the insurance policy." *Wilson*, 930 N.E. 2d at 1017. In this case, neither underlying complaint names "Jeff Boyer Trucking." So, technically, the Court must look beyond those filings.

As Auto-Owner admits, Illinois insurance law permits courts to consider facts beyond the underlying complaints. *See* dkt. 13 at 7 (citing *Md. Cas. Co. v. Dough Mgmt. Co.*, 36 N.E. 3d 953, 961 (Ill. App. Ct. 2015)). The "true but unpleaded facts" doctrine allows courts to consider non-complaint facts "of which the insurer has knowledge, that potentially bring the underlying claims within policy coverage." *Dough Mgmt. Co.*, 36 N.E.3d at 961. Auto-Owners argues at length that the doctrine doesn't apply because any so-called "facts" come from the insured party.

But, in this case, Acuity hardly needs to invoke the doctrine to survive a motion to dismiss. Auto-Owners repeatedly refers to "self-serving contentions and extrinsic evidence that do not exist in either underlying lawsuit." Those allusions dramatize Acuity's actual pleadings. The plaintiffs in the underlying state actions named three of apparently four Boyers, including the driver—and presumably owner—of Auto-Owners' insured, Jeff Boyer Trucking. So, the only allegation beyond the underlying lawsuits is that Jeff Boyer was driving on behalf of Jeff Boyer Trucking. Without relying on the true but unpleaded facts doctrine, the Court may plausibly conclude that the underlying plaintiffs simply neglected to name a fourth Boyer.

Illinois law allows courts to approach the underlying complaints with some flexibility. In *Holabird & Root*, a plaintiff sued some defendants, but didn't name one of the subcontractors, Metrick. *Holabird & Root*, 886 N.E.2d at 1170. A named

7

defendant, in turn, brought a third-party complaint against Metrick. On appeal, like Auto-Owners, Metrick's insurance company argued that "because [plaintiff] did not specifically name Metrick in the underlying complaint or specifically allege any negligence on Metrick's part, [the insurance company] d[id] not have a duty to defend" an additional insured. *Id.*

The Illinois appeals court rejected that argument, holding that an insurance company may still owe a duty to defend an additional party, even when the plaintiff doesn't name the company's insured in the underlying complaint. *Id.* at 1178. "The question of coverage," the appellate court reasoned, "should not hinge on the draftsmanship skills or whims of the plaintiff in the underlying action." *Id.* at 1171. It relied on a "long line of Illinois cases" holding that a "trial court may consider evidence beyond the underlying complaint in determining an insurer's duty to defend." *Id.* at 1172. *See also Wilson*, 930 N.E.2d at 1018 (reversing a grant of judgment on the pleadings for failing to consider the allegations in a counterclaim, holding that a "circuit court may, under certain circumstances, look beyond the underlying complaint in order to determine an insurer's duty to defend."). True, the company's insured was eventually named in a third-party complaint, but Auto-Owners doesn't show why that distinction alone should make a difference.

But for the fact that the state plaintiffs didn't name Jeff Boyer Trucking as a defendant, the policy plausibly indicates that Auto-Owners has a duty to defend. Or, had the state court plaintiffs named Jeff Boyer Trucking, Auto-Owners' policy suggests that Auto-Owners must also defend the other Boyer entities. Acuity and the

8

underlying state plaintiffs allege that Jeff Boyer was driving the truck; Acuity further alleges that Jeff Boyer was driving it on behalf of Jeff Boyer Trucking and hauling a load for Boyer Dispatch on a Boyer Livestock-owned trailer. Auto-Owners doesn't read its policy differently. Instead, it only contends that the underlying complaint doesn't mention Boyer Trucking or assert that the other Boyer entities were authorized users, so the Court can't consider those allegations. As discussed, the Court disagrees. And, as a basic principle, Auto-Owners' contention violates Rule 8(e). Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The contention exalts form and process over substance.

Finally, Auto-Owners argues that Acuity bears its own responsibility to defend and Acuity can't "opt-out" of that duty. The Court agrees with Acuity that Auto-Owners mischaracterizes Acuity's position. Acuity plausibly asserts that it only provides excess coverage and that Auto-Owners bears primary responsibility. It seeks a declaratory judgment to that effect. At this stage, the Court can't establish which party bears primary responsibility under the respective policies. Auto-Owners further argues that only the insured may select between multiple insurers. To the extent that's true, Auto-Owners' argument fails because it simultaneously contends that it's not an insurer in this case, leaving the insured with no actual choice.

**Conclusion**

For the reasons above, the Court denies Auto-Owner's Motion, holding that Auto-Owners hasn't carried its heavy burden in moving to dismiss this duty to defend action. Logically, the plaintiffs failure to name one more Boyer cannot categorically

9

eliminate Auto-Owners' potential responsibility. And to the extent the true but unpleaded facts doctrine is relevant in this extreme circumstance, it instructs the Court to approach the underlying complaints with some flexibility. The Court doesn't decide the extent to which Acuity may rely on additional "true but unpleaded facts" that may emerge throughout litigation.

Entered: July 25, 2025      By:_____
                                Iain D. Johnston
                                U.S. District Judge